[No. 3768.]

THE LA JUNTA AND LAMAR CANAL CO. ET AL. v. HESS
ET AL.

[No. 3769.]

THE LA JUNTA AND LAMAR CANAL CO. ET AL. v. THE
GREAT PLAINS WATER STORAGE CO.

PRACTICE—NOTICE.
Rule 23 of the supreme court, as well as the code, requires written notice of all motions, not of course, to be given to the opposite party after appearance. The service of a copy of a pleading itself upon which an order is sought, and for which a notice of motion for such order must be given, is not such notice as is contemplated by the code and the rule of court, unless the pleading so served contains the information which advises the opposite party of the time an application for an order thereon will be made. The foregoing rule applied to a petition for substitution of parties and motion to dismiss.

*On motion to set aside orders substituting party, as plaintiff in error and dismissing cause, and to reinstate.*

VOL. XXV—33

Mr. CHAS. J. HUGHES, Jr., and Mr. TYSON S. DINES, for plaintiff in error.

Mr. CHAS. E. GAST and Messrs. ROGERS & SHAFROTH, for defendants in error.

MR. JUSTICE GABBERT delivered the opinion of the court.

As these cases were originally docketed in this court, there appear to be two, which were subsequently consolidated, but the proceedings which plaintiffs in error seek to have reviewed on error seem to have been had in the lower court on the petition of the Great Plains Water Storage Company, filed in the cause in that court which appears here as No. 3768. Since such consolidation, the Fort Lyon Canal Company filed its petition to be substituted as plaintiff in error, and asked that upon such substitution the actions be dismissed. This application was not resisted by the original plaintiffs in error, and was granted. They now move to have these orders vacated, and the causes reinstated, basing their right to this relief upon several grounds, but the only one necessary to consider is, that they had no notice of the application upon which these orders were made.

Under rule 23, the opposite party, after appearance, is entitled to notice of all motions not of course. The only notice which appears to have been given plaintiffs in error of the application for substitution and dismissal, was service on their counsel of a copy of the petition of the Fort Lyon Company upon which these orders were obtained, although there is a controversy regarding that service, but it does not become necessary to determine this question. The rule mentioned, as well as the code, requires written notice of the time when a motion will be made, for an order of the character embraced in this petition. The service of a copy of the pleading itself upon which an order is sought, and for which a notice of motion for such order must be given, is not the notice contemplated by either the rule of this court, or the code, on that

subject, unless the pleading so served contains the information which advises the opposite party that at some specific time an application for an order thereon will be made. If it does not, then in addition to the service of. such pleading, there must be a separate notice conveying this information. No such notice was served in this case, and there is nothing in the petition filed by the Fort Lyon Company which, in any manner, advised counsel for plaintiffs in error that at any particular time an application would be made to the court for the orders asked.

The motion of the plaintiffs in error is sustained, and the orders substituting the Fort Lyon Canal Company as plaintiff in error, and dismissing these proceedings, is set aside, and vacated, and the causes reinstated.

*Motion sustained.*